■ Joel L. Leef, Appellant, v Frederick Steele, III, Respondent. — Order, Supreme Court, New York County, entered November 21, 1979, which denied plaintiff's motion for summary judgment, unanimously reversed, on the law, with costs, and plaintiff's motion granted. This is an action on a dishonored check. The defendant was president of a corporation which was indebted to a client of the plaintiff appellant. The plaintiff, an attorney, obtained a judgment on behalf of his client against this company. The defendant paid the judgment in part, then defaulted. Plaintiff, in settlement of the judgment, agreed to accept $900 as a final payment. Defendant forwarded a check to plaintiff for this sum, which check was returned for "insufficient funds". Defendant argues that since he is answering for the debt or default of another, there must be a writing signed by him in order to hold him liable on this instrument. In the absence of such a memorandum, he argues, the alleged agreement is void. In addition, defendant maintains that the plaintiff is not a holder in due course since there is a known defense available to the defendant. When defendant tendered the check to plaintiff it was supported by legally sufficient consideration. Upon issuance of the check, the plaintiff promised to forebear in the collection of a debt then due and owing. Defendant received a bargained for benefit and this constitutes due consideration (Strong v Sheffield, 144 NY 392). The defendant's argument that the Statute of Frauds is a defense has no application in this matter. This is an action on a negotiable instrument. It is not an action on a contract of guarantee and accordingly, the General Obligations Law does not support the claim of the defendant. The defendant further argues that in view of the fact that he did not sign the check he could not be liable. However, nowhere does the defendant deny that the person who signed the check was authorized to do so. Section 3-307 of the Uniform Commercial Code states: "(1) Unless specifically denied in the pleadings each signature on an instrument is admitted. When the effectiveness of a signature is put in issue (a) the burden of establishing it is on the party claiming under the signature; but (b) the signature is presumed to be genuine or authorized *** (2) When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." On the facts before us defendant has utterly failed to meet the above test and the signature is admitted. Therefore, plaintiff is entitled to recover on this check. Concur — Sandler, J.P., Sullivan, Ross, Markewich and Fein, JJ.