■ MARINE MIDLAND BANK, N.A., Respondent, v FRANK MATTIOLI et al., Appellants, and HAROLD O'KEEFE, Respondent.— Order, Supreme Court, New York County (Francis Pecora, J.), entered May 3, 1990, which granted plaintiff's motion for summary judgment in lieu of complaint, and directed an immediate hearing on plaintiff's cause of action for attorneys' fees, unanimously affirmed, pursuant to 22 NYCRR part 130, and a separate $1,000 sanction is imposed against defendants Mattioli and Hughes, with costs.

Defendants-appellants Mattioli and Hughes contend that the promissory note sued upon, in the amount of $494,813.90, was only a partial note that they "may have signed at some point in time," plaintiff having promised to lend them an overall amount of $2 million of which the note in issue was only the first installment. Defendant-respondent O'Keefe, who settled with plaintiff, submitted an affidavit stating that no such $2 million promise was ever made, and that the signatures on the promissory note are those of defendants.

The IAS court, noting defendants' equivocation concerning the genuineness of their signatures, properly relied on CPLR 3015 (d) in finding that they signed the note *(see also, Leef v Steele,* 81 AD2d 764). And, defendants' assertions that they were induced to sign the note by plaintiff's promise to advance them an additional $1.5 million is, as the IAS court held, not only unsubstantiated but also inadmissible under the parol evidence rule since it would alter the terms of the note *(see, Marine Midland Bank v Thurlow,* 53 NY2d 381).

Given the lack of support for defendants' assertion that plaintiff promised to lend them an overall package of $2 million, it is clear that the appeal was instituted to delay enforcement of the judgment, and is frivolous *(see, Matter of Ministers of Refm. Prot. Dutch Church v 198 Broadway,* 76 NY2d 411). Accordingly, we impose a $1,000 sanction against defendants. Concur—Murphy, P. J., Carro, Milonas, Asch and Kassal, JJ.