■ CITIBANK, N. A., Appellant, v FLEET LEASING CORP. et al., Respondents.—In an action to recover on promissory notes, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), entered July 12, 1990, which denied its motion for partial summary judgment on the issue of liability only.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for partial summary judgment on the issue of liability only is granted, and the matter is remitted to the Supreme Court, Suffolk County, for a determination as to the amount of damages.

In support of its motion for partial summary judgment on the issue of liability only, the plaintiff produced evidence in admissible form which established that the defendant Fleet Leasing Corp. (hereinafter Fleet) had executed eight "installment promissory note[s] and security agreement[s]" pursuant to which Fleet obligated itself to make monthly payments in stated amounts in order to pay off eight outstanding loans made by the plaintiff. The loan proceeds were used to purchase certain automobiles which were designated in each of the agreements and which were to be leased by Fleet to third parties. The plaintiff also proved that the five codefendants had executed "continuing guarant[ies]" of Fleet's payment of the monthly installments. Finally, the plaintiff submitted uncontradicted proof which established that Fleet was in default with respect to meeting its obligations under these eight notes.

In opposing the plaintiff's motion, the defendant Edward Haskell, Fleet's president, asserted that the automobiles purchased by Fleet with the proceeds of the loans were rented to individuals or corporations whose credit worthiness had been reviewed by the plaintiff before the money was borrowed. He asserted that one of the plaintiff's officers promised to "certify the financial viability and reliability" of Fleet's customers, and that this officer also assured the defendants that they themselves "would be safe". This amounts to an assertion that the plaintiff, through one of its agents, orally assured Fleet and the codefendant guarantors that the underlying indebtedness would be paid by third parties (Fleet's customers). If such an oral assurance was made, then it not only varied the terms of the installment promissory notes and security agreements mentioned above, but amounted to a promise that the notes would never have to be enforced. To recognize that such an oral assurance could constitute a defense to this action would violate the parol evidence rule. Therefore, the Supreme Court

should have granted summary judgment *(see generally, Chimart Assocs. v Paul,* 66 NY2d 570; *Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211; *see also, Ihmels v Kahn,* 126 AD2d 701). Bracken, J. P., Sullivan, Balletta and Lawrence, JJ., concur.