■ LOUIS J. CONIGLIO, Respondent, v FRANKLIN F. REGAN, JR., Appellant, et al., Defendants.—In an action pursuant to CPLR 3213 to recover payment on a promissory note, the defendant Franklin F. Regan, Jr., appeals from a judgment of the Supreme Court, Nassau County (Kohn, J.), entered September 11, 1990, which is in favor of the plaintiff and against him in the principal sum of $200,000, and awarded the plaintiff attorneys' fees of $30,000.

Ordered that the judgment is modified, by deleting the provision thereof which awarded the plaintiff attorneys' fees in the amount of $30,000; as so modified, the order is affirmed,

with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for an evidentiary hearing on the issue of the reasonableness of the attorneys' fees and for the entry of an appropriate amended judgment in accordance herewith.

The plaintiff established a prima facie case by proof of the promissory note and the appellant's failure to make payments in accordance with the terms of the note *(see, Banner Indus. v Key B.H. Assocs.,* 170 AD2d 246; *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, *affd* 29 NY2d 617). Therefore, in order to defeat the motion for summary judgment, the appellant was required to come forward with evidence showing the existence of a triable issue of fact *(see, Banner Indus. v Key B.H. Assocs., supra).* However, the appellant's unsubstantiated allegation of fraudulent inducement was insufficient to show the existence of a triable issue of fact. Although the plaintiff may have attached an incorrect set of supporting papers to the notice of motion, prior to the service of the instant motion the plaintiff delivered the proper supporting papers to the appellant in conjunction with an earlier motion for the same relief which was withdrawn. Thus, summary judgment was appropriate, since this technical defect did not prejudice the appellant.

However, the Supreme Court erred in awarding the plaintiff attorneys' fees based solely on the fixed rate set forth in the promissory note. Attorneys' fees unilaterally fixed by contract are no less subject to the test of reasonableness than are attorneys' fees which are awarded by the court *(see, National Bank v Smith Mech. Corp.,* 74 AD2d 600; *Federal Deposit Ins. Corp. v Kassel,* 72 AD2d 787). Therefore, the award of attorneys' fees pursuant to the promissory note must be vacated and the matter remitted to the Supreme Court for a hearing to determine reasonable attorneys' fees *(see, Marine Midland Bank v Scallen,* 161 AD2d 103; *National Bank v Smith Mech. Corp., supra).* Bracken, J. P., Harwood, Miller and Copertino, JJ., concur.