■ Louis J. Coniglio, Respondent, v Franklin F. Regan, Jr., Appellant, et al., Defendants.—In an action pursuant to CPLR 3213 to recover payment on a promissory note, the defendant Franklin F. Regan, Jr., appeals from a judgment of the Supreme Court, Nassau County (Colby, J.), entered August 28, 1990, which is in favor of the plaintiff and against him in the principal sum of $400,000, and awarded the plaintiff attorneys' fees amounting to 15% of the total principal sum of the judgment.

Ordered that the judgment is modified, by deleting the provision thereof which awarded the plaintiff attorneys' fees; as so modified, the judgment is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for an evidentiary hearing on the issue of the reasonableness of the attorneys' fees and for the entry of an appropriate amended judgment in accordance herewith.

The plaintiff established a prima facie case by proof of the promissory note and the appellant's failure to make payments in accordance with its terms (see, *Banner Indus. v Key B.H. Assocs.,* 170 AD2d 246; *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, *affd* 29 NY2d 617). Therefore, in order to defeat the motion for summary judgment in lieu of complaint, the appellant was required to come forward with evidence showing the existence of a triable issue of fact with respect to a bona fide defense (see, *Banner Indus. v Key B.H. Assocs., supra).* Since the guarantee was a guarantee of payment, and the appellant was only liable for the payment of the note upon default, his only defense to the action was that no default had occurred.

We agree with the appellant that an issue of fact existed with respect to whether a default had occurred based upon the nonpayment of interest, since it is unclear whether the plaintiff rejected the tender of partial or full payment of interest. Nevertheless, we find that the plaintiff was entitled to summary judgment, since the record contained proof of a default based on events other than nonpayment. In addition to nonpayment, the promissory note provided that the note would be considered in default if the plaintiff "deems the risk of nonpayment of this Note to have increased". Thus, since the record contained letters wherein the plaintiff notified the maker of the note that the plaintiff considered the note in default as the result of an increase in the risk of nonpayment, and defendants have failed to supply financial statements as requested, the record established a default under the "increased risk" provision of the promissory note.

However, the Supreme Court erred in awarding the plaintiff attorneys' fees based solely on the fixed rate set forth in the promissory note. Attorneys' fees unilaterally fixed by contract are no less subject to the test of reasonableness than are attorneys' fees which are awarded by the court (see, *National Bank v Smith Mech. Corp.,* 74 AD2d 600; *Federal Deposit Ins. Corp. v Kassel,* 72 AD2d 787). Therefore, the award of attorneys' fees pursuant to the promissory note must be vacated and the matter remitted to the Supreme Court, Nassau

County, for a hearing to determine reasonable attorneys' fees *(see, Marine Midland Bank v Scallen,* 161 AD2d 103; *National Bank v Smith Mech. Corp., supra).*

The appellant's remaining contentions are without merit. Bracken, J. P., Harwood, Miller and Copertino, JJ., concur.