■ Thomas Vamattam, Respondent, v Koshy Thomas, Appellant. [613 NYS2d 220] —In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated May 21, 1992, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

It is well settled that "the drastic remedy of summary judgment is appropriate * * * where a thorough examination of the merits clearly demonstrates the absence of any triable issue of fact" (Piccirillo v Piccirillo, 156 AD2d 748, 750; see also, Marine Midland Bank v Dino & Artie's Automatic Transmission Co., 168 AD2d 610).

In this case, the defendant's contention that neither he nor the other guarantors signed the guarantee is belied by the documentary evidence of the guarantee itself which indicates that it was duly executed by both the defendant and the other guarantors. Nor has the defendant submitted any proof indicating that any of these signatures were either forged or otherwise fraudulently obtained. Thus, the defendant's "attacks on the validity of the guarantee [is] unjustified" and there is "no ambiguity to be resolved by a fact finder" (Ellenville Natl. Bank v Freund, 200 AD2d 827, 828-829). Accordingly, the Supreme Court properly awarded the plaintiff summary judgment based upon the unconditional terms of the defendant's personal guarantee of the promissory note made payable to the plaintiff.

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Altman and Friedmann, JJ., concur.