JUDITH FALCO, Appellant, v WALTER THORNE, Respondent. [639 NYS2d 106]

The plaintiff commenced this action pursuant to CPLR 3213, to recover on a promissory note executed by the defendant on April 15, 1991, whereby he became obligated to pay the plaintiff the principal amount of $100,000 on April 15, 1992, plus interest at 14% per annum payable in monthly installments. The defendant failed to pay and, upon commencement of this action, he raised as defenses, *inter alia,* fraud in the inducement and lack of consideration. The hearing court denied the plaintiff's motion for summary judgment on the ground that the defendant's allegations raised triable issues of fact. We disagree.

The plaintiff established a prima facie case by proof of the note and a failure by the defendant to make the payment called for on the note by the specified date of April 15, 1992 *(see, Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, *affd* 29 NY2d 617). It was therefore incumbent upon the defendant to come forward with proof of evidentiary facts showing the existence of a triable issue with respect to a bona fide defense *(see, Gateway State Bank v Shangri-La Private Club for Women,* 113 AD2d 791, *affd* 67 NY2d 627). This, the defendant failed to do.

The defendant's claim that he was led to believe that his attorney and trusted friend, Thomas Beasley, would be responsible for the payment on the note is not sufficient as a defense. "To recognize that such an oral assurance could constitute a defense to this action would violate the parol evidence rule" *(Citibank v Fleet Leasing Corp.,* 185 AD2d 838; *see also, National Bank v ESI Group,* 167 AD2d 453; *Benderson Dev. Co. v Hallaway Props.,* 115 AD2d 339, *affd* 67 NY2d 963).

The defendant's claim of lack of consideration is also belied by his own affidavit. He conceded that upon signing the promissory note he received two checks from the plaintiff in the amounts of $30,000 and $20,000, and that the balance of the $100,000, i.e., $50,000, was given to his friend Beasley to satisfy Beasley's debts *(see, Benderson Dev. Co. v Hallaway Props., supra).* Nor are the defendant's vague and conclusory assertions of fraud sufficient to defeat the motion *(see, Bank of N. Y.*

*v Realty Group Consultants,* 186 AD2d 618; *Coniglio v Regan,* 186 AD2d 708; *Gateway State Bank v Shangri-La Private Club for Women, supra).* Santucci, J. P., Krausman, Goldstein and Florio, JJ., concur.