■ BANK OF NEW YORK, as Successor in Interest to Bank of Long Island, Formerly Known as BANK OF BABYLON, Plaintiff, v STERLINGTON COMMON ASSOCIATES et al., Defendants. (Action

No. 1.) THOMAS LAVIANO, Appellant, v KENNETH DEANGELIS et al., Respondents. (Action No. 2.) KENNETH DEANGELIS et al., Plaintiffs, v JOSEPH P. WALSH et al., Defendants. (Action No. 3.) [652 NYS2d 323] —In three actions, *inter alia,* to recover damages on a promissory note, the plaintiff in Action No. 2 appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Newmark, J.), dated November 3, 1995, as, upon reargument, denied that branch of his motion which was for summary judgment on the issue of the personal liability of Kenneth DeAngelis and Kayel DeAngelis, defendants in Action No. 2.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and, upon reargument, that branch of the motion of the plaintiff in Action No. 2 which was for summary judgment on the issue of the personal liability of Kenneth DeAngelis and Kayel DeAngelis is granted.

The plaintiff in Action No. 2, Thomas Laviano, established a prima facie case by submitting proof of a promissory note and the failure of the defendants Kenneth DeAngelis and Kayel DeAngelis (hereinafter the DeAngelis defendants) to make payments in accordance with the terms of the note *(see, Coniglio v Regan,* 186 AD2d 708). The unsubstantiated, conclusory allegations of fraud made by the DeAngelis defendants are insufficient to defeat the plaintiff's motion for summary judgment *(see, Coniglio v Regan, supra).* Thus, summary judgment on the issue of the personal liability of the DeAngelis defendants should have been granted.

We have reviewed the remaining contentions of the DeAngelis defendants and find them to be without merit. Miller, J. P., Santucci, Joy and Krausman, JJ., concur.