■ DEIRDRE GALLAGHER et al., Appellants, v MICHAEL KAZ-MIERCZUK et al., Respondents. [666 NYS2d 212] —In an action to recover on a promissory note, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Greenstein, J.), dated May 29, 1997, as denied their motion pursuant to CPLR 3213 for summary judgment in lieu of complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate judgment.

In this action to recover on a promissory note, the plaintiffs established a prima facie case by submitting proof of the note and of the defendants' default (*see, Bank of N. Y. v Sterlington Common Assocs.*, 235 AD2d 448; *Falco v Thorne*, 225 AD2d 582; *Silber v Muschel*, 190 AD2d 727; *Mlcoch v Smith*, 173 AD2d 443). It was then incumbent on the defendants to come forward with proof of evidentiary facts showing the existence of a triable issue of fact with respect to a bona fide defense (*see, Colonial Commercial Corp. v Breskel Assocs.*, 238 AD2d 539; *Gateway State Bank v Shangri-La Private Club for Women*, 113 AD2d 791, *affd* 67 NY2d 627; *Silber v Muschel, supra*). Here, the defendants' vague suggestion that they may have been coerced was unaccompanied by any factual details as to how the plaintiffs allegedly forced them to borrow $77,000 at 3% interest by means of "a wrongful threat precluding the exercise of [the defendants'] free will" (*Austin Instrument v Loral Corp.*, 29 NY2d 124, 130; *Sontag v Sontag*, 114 AD2d 892).

Finally, summary judgment in lieu of complaint pursuant to CPLR 3213 is appropriate where, as here, the full extent of the debtor's obligation can be gleaned from the face of the note alone (*see, e.g., Gregorio v Gregorio*, 234 AD2d 512; *Joswick v Rossi*, 190 AD2d 656). Significantly, the defendants do not indicate what obligation, not apparent from the face of the note, might have been required of them by the note's boiler-plate references to the mortgage. Accordingly, the plaintiffs' motion for summary judgment should have been granted. Santucci, J. P., Joy, Friedmann and Luciano, JJ., concur.