■ FRANCIS MOEZINIA, Respondent, v NOURALLAH BAROUKHIAN, Also Known as NOURI BAROUKHIAN, Appellant. [668 NYS2d 688] —In an action to recover on a promissory note, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from a judgment of the Supreme Court, Nassau County (Winick, J.), entered November 27, 1996, which, upon an order granting the motion, is in favor of the plaintiff and against him in the principal sum of $73,000.

Ordered that the judgment is affirmed, with costs.

The plaintiff sustained his initial burden of demonstrating his entitlement to judgment as a matter of law by submitting evidence that the defendant executed the $73,000 promissory note and failed to make payment in accordance with its terms (*see, DeVito v Benjamin*, 243 AD2d 600; *Colonial Commercial Corp. v Breskel Assocs.*, 238 AD2d 539; *Bank of N. Y. v Sterlington Common Assocs.*, 235 AD2d 448). The burden thus shifted to the defendant to come forward with evidentiary facts demonstrating the existence of a material issue of fact which would defeat summary judgment (*see, Colonial Commercial Corp. v Breskel Assocs., supra; Falco v Thorne*, 225 AD2d 582). Here, the defendant admitted that his signature on the second page of the promissory note was genuine, but claimed to "believe" that the first page of the note had been "substituted from another document" that he previously executed. However, the defendant failed to identify or produce any other promissory note from which his signature could have been taken. In view of the defendant's failure to offer evidentiary proof to substantiate his claim that the subject promissory note was not genuine, the Supreme Court properly granted the plaintiff's motion for summary judgment (*see, Vamattam v Thomas*, 205 AD2d 615; *Joint Venture Asset Acquisition v Tufano*, 203 AD2d 102; *Marine Midland Bank v Mattioli*, 180 AD2d 406).

The defendant's remaining arguments, which were not raised in Supreme Court in opposition to the motion for summary judgment and which rely on facts that are dehors the record, may not be raised for the first time on appeal (*see, Desiderio v Rubin*, 234 AD2d 581; *Aguirre v City of New York*, 214 AD2d 692). Miller, J. P., O'Brien, Copertino, and McGinity, JJ., concur.