(July 26, 1999)

■ AMERASIA BANK, Appellant, v SAIKO ENTERPRISES, INC., et al., Defendants, and HSIAO-TE CHAN, Also Known as PETER CHAN et al., Respondents. [693 NYS2d 628] —In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Price, J.), dated May 19, 1998, as denied its motion for summary judgment and, upon denying the cross motion of the defendant Hsueh Chen for summary judgment as moot, searched the record and dismissed the complaint insofar as asserted against Hsueh Chen and Hsiao-Te Chan a/k/a Peter Chan on the ground of lack of personal jurisdiction.

Ordered that the order and judgment is modified, on the law, by (1) deleting the provision thereof dismissing the complaint insofar as asserted against the defendant Hsueh Chen, and (2) deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment insofar as asserted against the defendant Hsueh Chen, and substituting therefor a provision granting that branch of the plaintiff's motion; as so modified, the order and judgment is affirmed insofar

as appealed from, with costs payable to the plaintiff, and the action against the remaining defendants is severed.

The defendant Hsiao-Te Chan a/k/a Peter Chan (hereinafter Chan) executed a consolidation and extension agreement with the plaintiff Amerasia Bank (hereinafter the Bank) pertaining to two mortgages of certain property located in Queens in the amount of $400,000. After the mortgage was executed, title was transferred to his ex-wife, the defendant Hsueh Chen (hereinafter Hsueh). Thereafter, Chan stopped making his mortgage payments. Chan allegedly now resides in China while Hsueh continues to reside at the Queens premises. The Bank obtained a judgment against Chan and commenced a foreclosure action, serving him at the Queens premises by delivery of the summons and complaint to Hsueh. Although not in accordance with the provisions of the Hague Convention, service was also attempted on Chan in China. Hsueh was also served at the Queens premises. In her answer, Hsueh asserted various affirmative defenses, including lack of personal jurisdiction over both her and Chan.

Where service of process is made in a foreign country that is a signatory of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, compliance with the procedures of the Hague Convention is mandatory in State court proceedings (see, 20 UST 361, TIAS 6638 [1965]; CPLR 313; Volkswagenwerk Aktiengesellschaft v Schlunk, 486 US 694). In ratifying the Hague Convention, the People's Republic of China made various declarations reflective of its own sense of sovereignty, in which it set forth requirements with respect to certain methods of service. The Bank did not effectuate service upon Chan pursuant to the provisions set forth in the Hague Convention and thus, the action must be dismissed insofar as asserted against Chan based on lack of personal jurisdiction.

The action may nevertheless proceed insofar as asserted against Hsueh. Hsueh waived the defense of lack of personal jurisdiction by failing to move to dismiss on that ground within 60 days of her answer (see, CPLR 3211 [e]; Alaska Seaboard Partners v Anninos, 259 AD2d 572; DeSena v HIP Hosp., 258 AD2d 555). Consequently, we do not reach the issue of whether service was properly effected.

Furthermore, the Supreme Court erred in denying the Bank's motion for summary judgment against Hsueh where the Bank submitted proof of the existence of the mortgage and mortgage note, as well as the default in payment thereunder (see, Hoffman v Kraus, 260 AD2d 435; Votta v Votta Enters., 249 AD2d 536; Mahopac Natl. Bank v Baisley, 244 AD2d 466).

The Bank's remaining contentions are without merit. Bracken, J. P., Ritter, Altman and Friedmann, JJ., concur.