■ George F. Sacco, Respondent, v Emanuele J. Sutera, Appellant, et al., Defendant. [698 NYS2d 532] —In an action, *inter alia*, to recover damages for fraud and breach of fiduciary

duty, the defendant Emanuele J. Sutera appeals from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated June 19, 1998, as denied his cross motion for summary judgment on his counterclaim to recover on a personal guarantee.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion is granted.

The appellant sustained his initial burden of demonstrating his entitlement to judgment as a matter of law by submitting proof of the existence of an underlying note, a guarantee, and the failure to make payment in accordance with their terms (*see, Governor & Co. v Dromoland Castle,* 212 AD2d 759; *Gateway State Bank v Shangri-La Private Club for Women,* 113 AD2d 791). It was thus incumbent upon the plaintiff to demonstrate, by admissible evidence, the existence of a triable issue of fact with respect to a bona fide defense (*see, North Fork Bank v Hamptons Mist Mgt. Corp.,* 225 AD2d 595; *Coniglio v Regan,* 186 AD2d 709; *Inter Bus. Mktg. v Kronengold,* 135 AD2d 474; *Mohegan Elec. Supply Co. v Pesach,* 94 AD2d 717; *see generally, Moezinia v Baroukhian,* 247 AD2d 452; *Phillips v Cioffi,* 204 AD2d 94).

Here, the plain language of the guarantee precluded the plaintiff from raising the defense of fraud in the inducement (*see, Citibank v Plapinger,* 66 NY2d 90; *E.D.S. Sec. Sys. v Allyn,* 262 AD2d 351; *Raven El. Corp. v Finkelstein,* 223 AD2d 378; *Harrison Ct. Assocs. v 220 Westchester Ave. Assocs.,* 203 AD2d 244). Moreover, the Supreme Court improperly found that the plaintiff raised a triable issue of fact as to whether the appellant had been paid in full. The plaintiff's unsupported conclusory allegations with respect to both defenses were insufficient to defeat the appellant's motion (*see, Green v Darwish,* 171 AD2d 644; *Fidelity N. Y. v Hanover Cos.,* 148 AD2d 577; *Ihmels v Kahn,* 126 AD2d 701).

The plaintiff's remaining contentions are without merit. Altman, J. P., H. Miller, Schmidt and Smith, JJ., concur.