■ JOHN GILLESPIE et al., Appellants, v MARTIN PERRONE et al., Respondents. [714 NYS2d 694] —In an action to recover payment on certain promissory notes, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated October 1, 1999, as denied that branch of their motion which was, in effect, for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the plaintiffs' motion which was, in effect, for summary judgment on the issue of liability is granted.

The plaintiffs are entitled to summary judgment on the issue of liability. The plaintiffs established a prima facie case that the defendants executed the subject promissory notes and failed to make payments in accordance with the terms thereof (*see, Bank of N. Y. v Sterlington Common Assocs.,* 235 AD2d 448; *Gallagher v Kazmierczuk,* 245 AD2d 418; *Colonial Commercial Corp. v Breskel Assocs.,* 238 AD2d 539; *Moezinia v Baroukhian,* 247 AD2d 452). The defendants' conclusory and unsubstantiated claim of fraud was insufficient to defeat the plaintiffs' motion for summary judgment (*see, Bank of N. Y. v Sterlington Common Assocs., supra; Gallagher v Kazmierczuk, supra; Colonial Commercial Corp. v Breskel Assocs., supra; Moezinia v Baroukhian, supra*).

To the extent that the Supreme Court based its decision on the lack of personal jurisdiction over the defendants, we note that the defendants successfully raised that defense in a related but separate action. However, they did not claim lack of personal jurisdiction in the instant action and failed to move to dismiss on that ground within 60 days of their answer. Therefore, the defendants waived that defense (*see,* CPLR 3211 [e]; *Amerasia Bank v Saiko Enters.,* 263 AD2d 519). Mangano, P. J., S. Miller, Friedmann and Feuerstein, JJ., concur.