■ STATE BANK OF LONG ISLAND, Respondent, v STEPHEN J. O'BRIEN, Defendant, and KATHLEEN DONNELLY O'BRIEN, Appellant. [748 NYS2d 697] —In an action to recover on a promissory note, the defendant Kathleen Donnelly O'Brien appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered July 2, 2001, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, State Bank of Long Island (hereinafter State Bank), established its prima facie entitlement to summary judgment by submitting proof of a promissory note and the appellant's failure to make payments in accordance with its terms (see *Coniglio v Regan,* 186 AD2d 709, 710). To defeat the motion for summary judgment, the appellant was required to

come forward with evidence showing the existence of a triable issue of fact with respect to a bona fide defense (*see Sacco v Sutera,* 266 AD2d 446, 447; *Coniglio v Regan, supra* at 710). Since she failed to do so, the Supreme Court properly granted summary judgment to State Bank.

Contrary to the appellant's contention, statements by State Bank's senior vice-president in an affidavit regarding the defendants' past borrowing history with State Bank established that consideration for the note had been given. That, together with the writing stating that the note was executed upon a loan, satisfied the requirements of General Obligations Law § 5-1105 (*see In re Thomson McKinnon Secs.,* 139 BR 267, 278).

The appellant's remaining contentions are without merit. O'Brien, J.P., Krausman, Townes and Rivera, JJ., concur.