■ VINCENT DAVIS et al., Appellants, v MICHAEL LANTERI et al., Respondents. [763 NYS2d 470] —In an action to recover on a promissory note, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Hillery, J.), dated July 9, 2002, which denied the motion.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings consistent herewith.

The plaintiffs allegedly loaned the defendants, who are their daughter and son-in-law, $100,000 to be used toward the purchase of a townhouse. This alleged transaction was evidenced by a promissory note, secured by the townhouse, which provides, inter alia, that the defendants would be in default if the townhouse was sold. The defendants, who are in the process of getting divorced, contracted to sell the townhouse, and the plaintiffs commenced this action, by way of a motion for summary judgment in lieu of complaint, to recover on the promissory note.

The plaintiffs established a prima facie case by submitting proof of the promissory note and of the defendants' default (*see Gallagher v Kazmierczuk,* 245 AD2d 418 [1997]; *Vernon v Winikoff,* 182 AD2d 753 [1992]). In opposition, the defendant Michael Lanteri failed to come forward with evidentiary facts demonstrating the existence of a triable issue of fact (*see Gillespie v Perrone,* 276 AD2d 526 [2000]; *Moezinia v Baroukhian,* 247 AD2d 452 [1998]; *Cmaylo v Geichman,* 175 AD2d 150 [1991]). Thus, the motion for summary judgment should have been granted. Ritter, J.P., Friedmann, H. Miller and Townes, JJ., concur.