KOREA EXCHANGE BANK, Respondent, v A.A. TRADING CO., Defendant, and HYOEUNG ROH, Appellant. MICHAEL S. KIMM, Nonparty Appellant. [777 NYS2d 736]—

In an action, inter alia, to recover on a promissory note, the defendant Hyoeung Roh and his attorney, nonparty Michael S. Kimm, appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated February 28, 2003, which denied Hyoeung Roh's motion to dismiss the complaint on the ground of forum non conveniens and granted the plaintiff's cross motion for summary judgment on the issue of liability against Hyoeung Roh and for summary judgment dismissing Hyoeung Roh's counterclaims, and for an award of reasonable costs and an attorney's fee against Michael S. Kimm pursuant to 22 NYCRR 130-1.1.

Ordered that the appeal by Hyoeung Roh from so much of the order as granted that branch of the cross motion which was for an award of reasonable costs and an attorney's fee against Mi-

chael S. Kimm pursuant to 22 NYCRR 130-1.1 and the appeal by Michael S. Kimm from so much of the order as denied the motion and granted those branches of the cross motion which were for summary judgment are dismissed, as the appellants are not aggrieved by those parts of the order; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court providently exercised its discretion in denying the motion of the appellant Hyoeung Roh, the guarantor on the note, to dismiss the complaint on the ground of forum non conveniens (*see* CPLR 327 [a]). The burden is on a defendant challenging the forum to demonstrate "relevant private or public interest factors which militate against accepting the litigation" (*Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]). Here, the guarantor failed to meet this burden.

The Supreme Court properly granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability. The plaintiff sustained its initial burden of demonstrating its entitlement to judgment as a matter of law by submitting proof of the existence of an underlying note and a guaranty, and the failure to make payment in accordance with the terms thereof (*see Sacco v Sutera,* 266 AD2d 446 [1999]; *Governor & Co. v Dromoland Castle,* 212 AD2d 759 [1995]). To defeat the motion for summary judgment, the guarantor was required to come forward with evidence showing the existence of a triable issue of fact with respect to a bona fide defense (*see State Bank of Long Is. v O'Brien,* 298 AD2d 576 [2002]; *Sacco v Sutera, supra* at 447).

The guarantor's claim that he was told by the plaintiff's representative that the execution of the guaranty was a mere formality and he would not be responsible for the underlying debt was not a sufficient defense. If such an oral assurance was made, then it not only varied the terms of the guaranty, but amounted to a promise that the guaranty would not be enforced (*see Citibank v Fleet Leasing Corp.,* 185 AD2d 838 [1992]). "To recognize that such an oral assurance could constitute a defense to this action would violate the parol evidence rule" (*id.* at 838; *see also Falco v Thorne,* 225 AD2d 582, 583 [1996]).

The Supreme Court also properly granted that branch of the cross motion which was for summary judgment dismissing the guarantor's counterclaims. In opposition to the plaintiff's prima facie showing of entitlement to summary judgment, the guarantor failed to raise a triable issue of fact regarding those counterclaims (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]).

Under the circumstances of this case, the Supreme Court providently exercised its discretion in determining that the conduct of the nonparty Michael S. Kimm, attorney for the guarantor, was frivolous, and warranted the award of reasonable costs and an attorney's fee against him (*see* 22 NYCRR 130.1).

The appellants' remaining contentions are without merit. H. Miller, J.P., Goldstein, Luciano and Spolzino, JJ., concur.