■ AMERADA HESS CORPORATION, Appellant, v TOWN OF SOUTHOLD et al., Respondents. [833 NYS2d 232]—In an action for a judgment declaring, inter alia, that the Zoning Code of the Town of Southold is unconstitutional as applied to certain premises owned by the plaintiff, and that the classification of the zone in which the premises are located as a "Marine 1" district effects an unconstitutional taking of property without just compensation, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated March 3, 2006, as denied those branches of its motion which were to dismiss the second through seventh affirmative defenses.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were to dismiss the second through seventh affirmative defenses are granted.

Upon a motion to dismiss a defense, the defendant is entitled to the benefit of every reasonable intendment of its pleading, which is to be liberally construed. If there is any doubt as to the availability of a defense, it should not be dismissed (*see Warwick v Cruz*, 270 AD2d 255 [2000]; *Abney v Lunsford*, 254 AD2d 318 [1998]). Applying these standards, the second through seventh affirmative defenses, alleging, inter alia, that the action was barred by estoppel, laches, the statute of limitations, and the plaintiff's failure to exhaust administrative remedies should nonetheless have been dismissed, as they are unavailable to defeat the plaintiff's causes of action (*see Matter of Friends of Lake Mahopac v Zoning Bd. of Appeals of Town of Carmel*, 15 AD3d 401 [2005]; *Skrodelis v Norbergs*, 272 AD2d 316 [2000]; *Amerada Hess Corp. v Acampora*, 109 AD2d 719 [1985]). Schmidt, J.P., Santucci, Krausman and Balkin, JJ., concur.