■ ANTHONY FEDERICI, JR., et al., Respondents, v METROPOLIS NIGHT CLUB, INC., et al., Defendants, and ANDREA PROVENZANO, Appellant. (And a Third-Party Action.) [853 NYS2d 160]—

In an action to recover damages for personal injuries, the defendant Andrea Provenzano, as executrix of the estate of John Provenzano, appeals from an order of the Supreme Court, Kings County (Starkey, J.), dated February 14, 2007, which granted those branches of the plaintiffs' motion which were to strike the eighth, ninth, and tenth affirmative defenses in her answer and denied those branches of her cross motion which were to dismiss the complaint insofar as asserted against her as time-barred and for lack of personal jurisdiction or, in the alternative, to disqualify the plaintiffs' attorneys pursuant to Code of Professional Responsibility DR 5-102 (22 NYCRR 1200.21).

Ordered that the order is affirmed, with costs.

In a prior order dated September 13, 2006, the Supreme Court granted the plaintiffs' motion pursuant to CPLR 1015 (a) to substitute Andrea Provenzano, as executrix of the estate of

John Provenzano (hereinafter the estate), in the place and stead of the named defendant John Provenzano. This order also directed the estate to file an answer with leave to assert any and all affirmative defenses, without prejudice to the plaintiffs' right to move to dismiss any defenses or pleadings they deemed inappropriate or inconsistent with prior pleadings. The estate served an answer with 27 affirmative defenses. The plaintiffs moved, inter alia, to strike the estate's eighth through tenth affirmative defenses. The estate cross-moved, inter alia, to dismiss the complaint on the grounds of lack of personal jurisdiction and that the complaint was time-barred. The Supreme Court granted those branches of the plaintiffs' motion which were to dismiss the estate's eighth, ninth, and tenth affirmative defenses and denied the estate's cross motion to dismiss the complaint or, in the alternative, disqualify the plaintiffs' attorneys pursuant to Code of Professional Responsibility DR 5-102 (22 NYCRR 1200.21). We affirm.

Contrary to the estate's contention, the plaintiffs' action was commenced against decedent John Provenzano, not his son John Provenzano. Where two persons of the same name are father and son, the name is commonly presumed to have been that of the father (*see Matter of Foster*, 173 Misc 1024, 1026-1028 [1940]; 9 Wigmore, Evidence § 2529, at 598 [Chadbourn rev 1981]). Further, in directing the substitution of his executrix in his place and stead pursuant to CPLR 1015 (a), the Supreme Court's prior order necessarily determined that the decedent John Provenzano was the named defendant and the plaintiffs' claims against him were not extinguished by his death.

Following the order of substitution, when the estate served its answer, it raised, inter alia, the affirmative defense of lack of personal jurisdiction. However, five years earlier, an answer was served on behalf of John Provenzano which did not contain this defense. Having failed to move to dismiss on that ground within 60 days after serving this answer, the defendant John Provenzano waived that defense (*see Jacobowitz v Leak,* 19 AD3d 453, 455 [2005]; *Dimond v Verdon,* 5 AD3d 718 [2004]). Consequently, we do not reach the issue of whether service was properly effected (*see Amerasia Bank v Saiko Enters.,* 263 AD2d 519, 520 [1999]). Further, the substitution of a party because of death does not extend or renew the time to take any procedural step that has expired (*see* CPLR 1022). Accordingly, the Supreme Court correctly dismissed the estate's eighth affirmative defense.

The plaintiffs' action was timely commenced against John Provenzano, and thus his estate by substitution, by filing with

the Kings County Clerk on February 26, 2001 or, less than one year from the date of this incident, August 4, 2000 (*see* CPLR 304). The estate conceded that all of the plaintiffs' causes of action have a limitations period of one year or more. Accordingly, the estate's ninth affirmative defense based upon the expiration of the applicable statutes of limitation is without merit and was correctly dismissed by the Supreme Court.

Upon a motion to dismiss a defense, the defendant is entitled to the benefit of every reasonable intendment of its pleading, which is to be liberally construed. If there is any doubt as to the availability of a defense, it should not be dismissed (*see Amerada Hess Corp. v Town of Southold,* 39 AD3d 442 [2007]; *Warwick v Cruz,* 270 AD2d 255 [2000]). Applying these standards, the tenth affirmative defense alleging estoppel was properly dismissed by the Supreme Court as, under the circumstances of this case, and in light of our determination herein, it is unavailable to defeat the plaintiffs' causes of action (*see generally Amerada Hess Corp. v Town of Southold,* 39 AD3d 442 [2007]).

In light of the foregoing, the Supreme Court properly denied the estate's cross motion to dismiss the complaint insofar as asserted against it as time-barred or for lack of personal jurisdiction.

The estate's remaining contention has been rendered academic by our determination. Ritter, J.P., Santucci, Covello and Carni, JJ., concur.