■ PROVIDENT BANK, Respondent, v EDWARD V. GIANNASCA, Defendant, and THOMAS RIORDAN, Appellant. [866 NYS2d 289]—

In an action to recover on a guaranty, the defendant Thomas Riordan appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Rockland County (Nelson, J.), entered September 25, 2007, as, upon an order of the same court dated August 24, 2007, granting the plaintiff's motion for summary judgment on the complaint, is in favor of the plaintiff and against him in the principal sum of $644,000. The appellant's notice of appeal from the order dated August 24, 2007, is deemed to be a notice of appeal from the judgment entered September 25, 2007 (see CPLR 5512 [a]).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff made a prima facie showing of its entitlement to summary judgment by submitting proof of the existence of an underlying note, a guaranty executed by the appellant, and a failure to make payment in accordance with the terms of the note and guaranty (see Verela v Citrus Lake Dev., Inc., 53 AD3d 574 [2008]; Northport Car Wash, Inc. v Northport Car Care, LLC, 52 AD3d 794 [2008]; North Fork Bank Corp. v Graphic Forms Assoc., Inc., 36 AD3d 676 [2007]; JPMorgan Chase Bank v Gamut-Mitchell, Inc., 27 AD3d 622 [2006]; Sacco v Sutera, 266 AD2d 446 [1999]). In opposition to the motion, the appellant failed to raise a triable issue of fact with respect to a bona fide defense (see Verela v Citrus Lake Dev., Inc., 53 AD3d 574 [2008]; Famolaro v Crest Offset, Inc., 24 AD3d 604 [2005]; Sacco v Sutera, 266 AD2d 446 [1999]). Although the appellant claims that the plaintiff negligently advanced funds to the principal debtor in violation of a building loan agreement, this claim is not properly before us because it is raised for the first time on appeal, and is based upon new factual allegations which are outside the record (see e.g. Gallagher v Gallagher, 51 AD3d 718 [2008]; Edme v Tanenbaum, 50 AD3d 624 [2008]; Ozelkan v Tyree Bros. Envtl. Servs., Inc., 29 AD3d 877 [2006]; Weber v Jacobs, 289 AD2d 226 [2001]).

The appellant's further contention that summary judgment should not have been granted because the plaintiff failed to include copies of the pleadings with its motion papers is also not properly before this Court, as it is raised for the first time on appeal (see Blazynski v A. Gareleck & Sons, Inc., 48 AD3d 1168 [2008]; Medina v MSDW 140 Broadway Prop., L.L.C., 13 AD3d 67 [2004]). Mastro, J.P., Angiolillo, Carni and Eng, JJ., concur.