## Bull Hill, LLC v HFZ Member RB Portfolio LLC

2024 NY Slip Op 33276(U)

September 16, 2024

Supreme Court, New York County

Docket Number: Index No. 654561/2022

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------------X

BULL HILL, LLC, HARDY LANE INVESTMENT FUND,
LLC, HARDY LANE FOUNDATION, INC.,

|  |  |  |
|---|---|---|
| **INDEX NO.** | | 654561/2022 |
| **MOTION DATE** | | 04/08/2024, 04/08/2024 |
| **MOTION SEQ. NO.** | | 008 009 |

                                        Plaintiffs,

                                 - v -

HFZ MEMBER RB PORTFOLIO LLC, MEMBER RB
ACQUISITIONS LLC, HFZ RB PORTFOLIO MANAGER,
LLC, HFZ RB ACQUISITIONS MANAGER, LLC, HFZ
CAPITAL GROUP, LLC, MONROE CAPITAL LLC, ZIEL
FELDMAN, HELENE FELDMAN, NIR MEIR,

**DECISION + ORDER ON
MOTION**

                                        Defendants.

-----------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 008) 136, 137, 138, 158,
159, 160, 164

were read on this motion to                             DISMISS AFFIRMATIVE DEFENSES                             .

The following e-filed documents, listed by NYSCEF document number (Motion 009) 139, 140, 141, 165,
166, 167, 168, 169, 170

were read on this motion to                             DISMISS AFFIRMATIVE DEFENSES                             .

   Plaintiffs Bull Hill, LLC, Hardy Lane Investment Fund, LLC and Hardy Lane

Foundation, Inc. ("Plaintiffs") move to dismiss the Affirmative Defenses asserted by Defendant

Monroe Capital LLC ("Monroe") (Mot. Seq. 008) and by Defendants HFZ RB Portfolio

Manager, LLC, HFZ RB Acquisitions Manager, LLC, H F Z Capital Group LLC, Ziel Feldman,

and Helene Feldman (together, the "HFZ Defendants") [1] (Mot. Seq. 009).  For the following

reasons, Plaintiffs' motions are granted in part.

---

[1] After Plaintiffs moved to dismiss the HFZ Defendant's affirmative defenses raised in the
Answer, the HFZ Defendants filed an Amended Answer.  Thus, this motion addressed to the
HFZ Defendants' Amended Answer (NYSCEF 162).

**654561/2022   BULL HILL, LLC ET AL vs. HFZ MEMBER RB PORTFOLIO LLC ET AL**
**Motion No.  008 009**

**Page 1 of 6**

1 of 6

Pursuant to CPLR 3211, "a party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit" (CPLR 3211[b]). "In moving to dismiss an affirmative defense pursuant to CPLR 3211(b), the plaintiff bears the heavy burden of showing that the defense is without merit as a matter of law" (*Granite State Ins. Co. v Transatlantic Reins. Co.*, 132 AD3d 479, 481 [1st Dept 2015]). "[T]he defendant is entitled to the benefit of every reasonable intendment of the pleading, which is to be liberally construed. A defense should not be stricken where there are questions of fact requiring trial" (*534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick*, 90 AD3d 541, 542 [1st Dept 2011] [citation omitted]; *see also Federici v Metropolis Night Club, Inc.*, 48 AD3d 741, 743 [2d Dept 2008] ["If there is any doubt as to the availability of a defense, it should not be dismissed"]).

Furthermore, statements in pleadings should "give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense" (CPLR 3013). The New York rules require that "[s]eparate . . . defenses shall be separately stated and numbered" and provide that "defenses may be stated alternatively or hypothetically" (CPLR 3014).

Monroe asserts fifteen affirmative defenses in its Answer, which generally stated are: (1) failure to state a claim, (2) statutes of limitations, laches, and the statute of repose, (3) waiver, consent, release, estoppel, unclean hands, and/or ratification, (4) lack of derivative standing; (5) equitable estoppel; (6) assumption of the risk; (7) lack of damages proximately caused by Monroe; (8) lack of entitlement to exemplary or punitive damages; (9) failure to mitigate

---

The HFZ Defendants state that they "hereby join in, adopt as if their own, and incorporate by reference, the arguments set forth in Defendant Monroe Capital LLC's Memorandum of Law in Opposition" (NYSCEF 169 at 3).

**654561/2022   BULL HILL, LLC ET AL vs. HFZ MEMBER RB PORTFOLIO LLC ET AL**
**Motion No.  008 009**

**Page 2 of 6**

[* 2]                                                  2 of 6

damages; (10) *in pari delicto*; (11) failure to demonstrate that Defendant acted with requisite intent; (12) lack of entitlement to equitable relief because Plaintiffs have an adequate remedy at law; (13) economic loss doctrine; (14) no foundation to challenge terms of UCC sale; and (15) a "catch-all" defense reserving the right to assert unidentified additional defenses that may become apparent during the course of the litigation (NYSCEF 117 ¶¶ 227–241).[2]

The HFZ Defendants, in their Amended Answer, assert the following defenses, generally stated: (1) failure to state a claim; (2) waiver and estoppel; (3) laches; (4) unclean hands; (5) claims barred by documentary evidence; (6) statute of limitations; (7) failure to mitigate damages; (8) lack of entitlement to exemplary or punitive damages; (9) assumption of risk; (10) intervening acts or omissions/failure to fulfill conditions precedent/failure to make proper demand; (11) claims are not well grounded in existing law or fact; (12) failure to abide by obligations and duties of good faith; (13) lack of derivative standing; (14) ratification; (15) economic loss doctrine; (16) Meir is responsible for damages, if any; (17) Meir's action were outside the scope of employment; (18) certain parties are not parties to certain contracts; (19) statute of frauds; (20) damages were caused by third-parties; (21) damages offset; (22) no basis for alter ego or piercing the corporate veil; (23) failure to demonstrate requisite intent; (24) equitable relief barred because adequate remedy at law; and (25) a similar "catch-call" provision (NYSCEF 162 at 101–105).[3]

---

[2] Plaintiffs do not seek dismissal of Monroe's first affirmative defense, which states: "The Complaint fails to state a claim upon which relief may be granted" (NYSCEF 137 at 1 n 2).

[3] Again, Plaintiffs do not seek dismissal of the HFZ Defendants' first affirmative defense for failure to state a claim. Plaintiffs also do not seek dismissal of the HFZ Defendants' seventeenth or eighteenth affirmative defenses, which include allegations concerning Nir Meir (NYSCEF 140 at 4 n 2).

**654561/2022   BULL HILL, LLC ET AL vs. HFZ MEMBER RB PORTFOLIO LLC ET AL**                      **Page 3 of 6**
**Motion No.  008 009**

3 of 6

[* 3]

As an initial matter, Monroe's and the HFZ Defendants' "catch-all" defenses are insufficient and must be dismissed (*Scholastic Inc. v Pace Plumbing Corp.*, 129 AD3d 75, 79 [1st Dept 2015] ["[A] party cannot employ a catch-all provision in an attempt to preserve any and all potential defenses/objections for future use without affording notice to the opposing party"]). To the extent Defendants become aware of facts giving rise to additional affirmative defenses, they can seek leave to amend their respective Answers at that time.

Second, Monroe and the HFZ Defendants cannot re-assert the affirmative defense that Plaintiffs lack derivative standing because the Court has already rejected that defense as a matter of law. Specifically, in its decision denying in part and granting in part Defendants' motions to dismiss, the Court rejected Defendants' argument that Plaintiffs lacked standing, noting that "Defendants do not cite a case in which a court found that plaintiffs lacked capacity to sue derivatively on behalf of entities that *were not in good standing* as of the date on which the lawsuit was filed," and held that "[i]n any event, the Court finds that Plaintiffs have equitable standing under Delaware law." (NYSCEF 113 at 9). Monroe's argument that this defense refers to "[o]ther standing arguments, such as whether Plaintiffs should have made a proper demand before suing derivatively" (NYSCEF 158 at 10) is not supported by the allegations made in Monroe's Answer.

As to the remaining affirmative defenses, however, Plaintiffs have failed to meet their burden of demonstrating that these affirmative defenses are without merit as a matter of law (*Granite State*, 132 AD3d at 481). Both Monroe and the HFZ Defendants "pled factual allegations in the body of [their] answer sufficient to give notice of what [they] intend[] to prove under [their] defenses" (*534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick*, 90 AD3d 541, 542

**654561/2022   BULL HILL, LLC ET AL vs. HFZ MEMBER RB PORTFOLIO LLC ET AL**
**Motion No.  008 009**

**Page 4 of 6**

4 of 6

[* 4]

[1st Dept 2011]). It is not uncommon for Answers to state affirmative defenses succinctly, with less detail than required for an affirmative claim for relief.

Furthermore, discovery is still ongoing, and the Court is not inclined, at this time, to order wholesale dismissal of the remaining affirmative defenses (*Harrison v Empire State Elec. Maintenance & Data Corp.*, 2021 NY Slip Op 32232[U], 3 [Sup Ct, NY County 2021] [dismissal of defendants' affirmative defenses premature where case had not proceeded to discovery stage]). "If needed, further elucidation of the defenses should be sought through a demand for a bill of particulars" (*LoPinto v Roldos*, 235 AD2d 233 [1st Dept 1997] [reversing court's dismissal of affirmative defenses where pleadings and motion papers were "sufficient to give notice of what defendants intend to prove under their defenses"]). The Court expresses no view at this time as to the substantive merit of the remaining affirmative defenses.

Accordingly, it is

**ORDERED** that Plaintiffs' Motion to Dismiss Monroe's Affirmative Defenses (Mot. Seq. 008) is **GRANTED IN PART**, insofar as Monroe's fourth and fifteen affirmative defenses are dismissed; the motion is otherwise denied; and it is further

**ORDERED** that Plaintiffs' Motion to Dismiss the HFZ Defendants' Affirmative Defenses (Mot. Seq. 009) is **GRANTED IN PART**, insofar as the thirteenth and twenty-fifth affirmative defenses are dismissed; the motion is otherwise **denied**.

654561/2022   BULL HILL, LLC ET AL vs. HFZ MEMBER RB PORTFOLIO LLC ET AL
Motion No.  008 009

Page 5 of 6

5 of 6

This constitutes the decision and order of the Court.

20240916140158JMCOHEN6D0D845CAEA24696BAF747CBFBFE8994

_____
**9/16/2024**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654561/2022   BULL HILL, LLC ET AL vs. HFZ MEMBER RB PORTFOLIO LLC ET AL**
**Motion No.  008 009**

Page 6 of 6

6 of 6

[* 6]