■ MANUFACTURERS AND TRADERS TRUST COMPANY, Appellant-Respondent, v MEGA-B, INC., Appellant, and ARNOLD FADER, Respondent. MANUFACTURERS AND TRADERS TRUST COMPANY, Respondent-Appellant, v ELIZABETH WEISS, Appellant-Respondent.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about March 15, 1990, which, *inter alia,* granted plaintiff's motion for summary judgment in lieu of complaint against defendant Mega-B, Inc. in the sum of $450,000 and denied its motion for summary judgment in lieu of complaint against defendant Arnold Fader, unanimously modified, on the law, to grant plaintiff summary judgment against defendant Arnold Fader in the sum of $450,000 plus interest and costs and the Clerk of Supreme Court, New York County, is directed to enter judgment accordingly, and otherwise affirmed, without costs.

Order of the same court, entered March 22, 1990, which, *inter alia,* granted plaintiff's motion for summary judgment in lieu of complaint against defendant Elizabeth Weiss and referred the issue of what amount is outstanding on the promissory note sued upon to a Special Referee to hear and report, unanimously modified, on the law, to grant plaintiff summary judgment in the sum of $180,000 plus interest and costs and

the Clerk of Supreme Court, New York County, is directed to enter judgment accordingly, and otherwise affirmed, without costs.

On September 10, 1986, plaintiff bank loaned $450,000 to defendant Mega-B, Inc., pursuant to a promissory note signed by Elizabeth Weiss in her capacity as secretary/director of the corporation, which loan was personally guaranteed by defendant Arnold Fader in a general guarantee executed September 4, 1986. On February 10, 1987, plaintiff loaned $250,000 pursuant to a demand promissory note signed by Elizabeth Weiss individually.

In denying that part of plaintiff's motion for summary judgment in lieu of complaint against defendant Fader, the IAS court incorrectly found that there are issues of fact to be tried as to whether, in signing the guarantee, Fader relied upon an oral misrepresentation by one of plaintiff's officers that the bank had additional collateral as security for the loan.

The guarantee executed by Mr. Fader specifically provided that it is unconditional, a guarantee of payment and not of collection, and, most importantly, "is independent of and in addition to all Collateral".

As held by the Court of Appeals in *Citibank v Plapinger* (66 NY2d 90), where, as here, a guarantee recites that it is absolute and unconditional irrespective of any lack of validity or enforceability of the collateral, which recitals are inconsistent with the guarantor's claim of reliance upon oral representations, fraud in the inducement is not a defense to an action on such guarantee under the rule of *Danann Realty Corp. v Harris* (5 NY2d 317).

Regarding the amount due under the promissory note signed by Elizabeth Weiss in her individual capacity, she has withdrawn her opposition to plaintiff's cross appeal from so much of the order of March 22, 1990 as denied it summary judgment as to the amount outstanding on the note. Thus, it is appropriate to grant plaintiff summary judgment both on principles of an account stated and defendant's failure to demonstrate triable issues of fact. Concur—Kupferman, J. P., Carro, Asch and Wallach, JJ.