■ BANNER INDUSTRIES, INC., Respondent, v KEY B.H. ASSOCIATES, L.P., et al., Appellants. KEY B.H. ASSOCIATES, L.P., et al., Appellants, v BANNER INDUSTRIES, INC., Respondent.—Judgment, Supreme Court, New York County (Edward J. Greenfield, J.), entered October 1, 1990, which awarded plaintiff judgment against defendants, in the sum of $1,540,039.60, plus interest, upon granting plaintiff's motion for summary judgment in lieu of a complaint, unanimously affirmed, with costs. Order of the same court and Justice, entered September 5, 1990, dismissing a separate action commenced by defendants Key and Berman against plaintiff Banner, as moot, unanimously affirmed, with costs.

Plaintiff established a *prima facie* case by proof of execution of the promissory note executed by Key and the guaranty by Berman, and defendants' failure to make payments called for by their terms. *(Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, 137, *affd* 29 NY2d 617; *Gateway State Bank v Shangri-La Private Club for Women,* 113 AD2d 791, *affd* 67 NY2d 627.)* Thus, it was incumbent upon defendants to come forward with proof of evidentiary facts showing the existence of a triable issue of fact with respect to a *bona fide* defense. *(Gateway State Bank v Shangri-La Private Club for Women, supra,* at 792.) The unsubstantiated and conclusory allegations of fraudulent inducement and fraudulent misrepresentations proffered by defendants were insufficient to meet this burden. Defendants did not set forth with the requisite particularity the details of the alleged fraud *(see, New York Fruit Auction Corp. v City of New York,* 81 AD2d 159, 161, *affd* 56 NY2d 1015). Having properly disposed of the parties' claims, on the merits, the court properly dismissed as moot the separate action commenced by defendants against plaintiff, arising out of the same transaction, and based upon the same unsubstantiated claim of fraud. Concur—Murphy, P. J., Milonas, Ellerin, Ross and Rubin, JJ.