■ NATIONAL WESTMINSTER BANK USA, Appellant, v SARDI'S INCORPORATED, Formerly Known as 234 W. 44 RESTAURANT CORP., et al., Defendants, and STUART LICHTENSTEIN, Respondent.—Order, Supreme Court, New York County (Burton S. Sherman, J.), entered November 21, 1990, which, *inter*

*alia,* denied plaintiff's motion for summary judgment, unanimously modified, on the law, to grant plaintiff's motion for summary judgment and otherwise affirmed, with costs. The clerk is directed to enter judgment in favor of plaintiff in the amount of $200,000 plus interest and costs.

The IAS court found that the individual defendant does not dispute that he signed the loan guaranty at issue and that there is a default thereunder and a balance due. But, nevertheless, it incorrectly denied plaintiff summary judgment based upon defendant's conclusory allegations that he was unaware that it was a personal guaranty; that he advised the bank that he was unwilling to personally guarantee the loan; and, that the closing of the loan was adjourned so that another guarantor could be secured, which, it found, raised an issue as to whether defendant was fraudulently induced to sign the guaranty.

As held in several recent cases, where a guaranty is clear and unambiguous on its face and, by its language, absolute and unconditional, the signer is conclusively bound by its terms absent a showing of fraud, duress or other wrongful act in its inducement *(see, Manufacturers & Traders Trust Co. v Weiss,* 169 AD2d 632; *State Bank v Patel,* 167 AD2d 242). In order to create a genuine issue of fact, defendant is required to offer more than his own conclusory and unsubstantiated statements *(State Bank v Patel, supra,* at 243).

Defendant has failed to make the factual showing necessary to defeat plaintiff's motion for summary judgment. Concur—Rosenberger, J. P., Wallach, Kupferman, Kassal and Smith, JJ.