■ MARY DAY, Respondent, v THEODORE M. DAVIS, Appellant. [850 NYS2d 189]—

In an action to recover damages for legal malpractice, the defendant appeals from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated August 3, 2007, which denied that branch of his cross motion which was to dismiss the action for lack of jurisdiction pursuant to CPLR 3211 (a) (8).

Ordered that the order is affirmed, with costs.

Contrary to the defendant's contention, the summons with notice was not jurisdictionally defective merely because it omitted a specific dollar amount of money damages sought by the plaintiff (*see Sherk v Sherk*, 37 AD3d 1062, 1062-1063 [2007]). Moreover, since the defendant held out the address where process was served as his business address, including maintaining that address as his business address on his registration as an attorney with the Office of Court Administration, and induced the plaintiff's reliance thereon, he cannot now disclaim such address as his "actual place of business" for purposes of service of process (*see Melton v Brotman Foot Care Group*, 198 AD2d 481, 482 [1993]; *cf. European Am. Bank & Trust Co. v Serota*, 242 AD2d 363, 363-364 [1997]). Crane, J.P., Fisher, Ritter, Covello and Dickerson, JJ., concur.