■ CESARE GASPARI, DPM, et al., Respondents, v AMNON ERIC SADEH, M.D., et al., Defendants, and MARLENE FINKELSTEIN, P.A., Appellant. [876 NYS2d 46]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered September 24, 2007, which denied defendant Marlene Finkelstein's motion to dismiss the action against her as time-barred and order, same court and Justice, entered on or

about May 28, 2008, which denied Finkelstein's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The motion court correctly found, for purposes of the relation-back doctrine, that Finkelstein was united in interest with the timely sued defendant Amnon Eric Sadeh, M.D. (*see Cuello v Patel*, 257 AD2d 499, 500 [1999]). At all relevant times, Finkelstein, a physician's assistant, was employed by defendant A. Eric Sadeh, M.D., P.C. When the court ruled on her statute of limitations motion, her contention that she and Sadeh were not united in interest rested on the allegation that Sadeh sought to shift liability to her for treating plaintiff Cesare Gaspari on August 26, 2003, not following up after August 12, 2003, and writing illegible notes on February 12, 2004. However, those are all acts and omissions for which Sadeh would be vicariously liable (*see* Business Corporation Law § 1505 [a]; Education Law § 6542 [1]; 10 NYCRR 94.2 [a], [b], [f]; *Marchisotto v Williams*, 11 Misc 3d 1089[A], 2006 NY Slip Op 50774[U], *6-7 [2006]). Further, since Finkelstein personally examined plaintiff on two occasions, was still employed by Sadeh's P.C. when Sadeh was timely sued, and does not deny having been aware of this action from its inception, she "should have known that, but for a[ ] . . . mistake by plaintiff as to the identity of the proper parties, the action would have been brought against h[er] as well" (*Buran v Coupal*, 87 NY2d 173, 178 [1995]). Accordingly, "the linchpin of the relation back doctrine—notice to the defendant within the applicable limitations period" (*id.* at 180 [internal quotation marks and citation omitted])—is satisfied here.

The court correctly found that issues of fact necessitating credibility determinations preclude summary judgment (*see Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 [2007]). While Finkelstein testified that she asked Sadeh to examine plaintiff on August 26, 2003, and Sadeh refused, Sadeh testified that it was unlikely that he was in the office that day and that he would have made a notation if he had spoken with Finkelstein about plaintiff. Plaintiff's expert stated under oath that if Finkelstein did not tell Sadeh about plaintiff's condition on August 26, that omission would constitute a deviation from proper medical practice, and it would be a proximate cause of plaintiff's injury because it would have delayed a diagnosis of reflex sympathetic dystrophy (RSD). Another issue of fact is presented by the conflict between Finkelstein's testimony that it was beyond her expertise to diagnose RSD and plaintiff's expert's opinion that Finkelstein should have diagnosed RSD on August 26 and that her failure to do so constituted a deviation

from proper medical practice. Concur—Saxe, J.P., Friedman, Sweeny, Renwick and Freedman, JJ.