*445 In an action for breach of contract, account stated, unjust enrichment and breach of guaranty against corporate defendant Uri Schwartz & Sons Diamonds, Ltd. (Schwartz) and individual defendant Zvi Ben Yosef (Ben Yosef), plaintiff Citibank seeks to recover damages under the terms of a loan agreement and a personal guarantee, both executed by Ben Yosef in November 2007. Schwartz is the New York sales office for, and owner and operator of, A. Schwartz & Sons, a wholesale diamond distribution company incorporated in Israel with its main office in Israel. Ben Yosef was employed by Schwartz as the New York office sales manager and was responsible for making sales, supervising other salespersons, and providing daily reports to A. Schwartz & Sons.
In November 2007 Ben Yosef met with a representative from Citibank to discuss banking business between Schwartz and Citibank. During the meeting, Ben Yosef executed a loan agreement for $250,000 and a personal guarantee. The loan agreement lists Schwartz as the business applicant and Ben Yosef as the “Owner” of Schwartz, and Ben Yosef signed this document as “Owner.” The personal guarantee is at the end of the loan agreement and is setoff with the heading “Personal Guarantee and Collateral Agreement.” Directly above the signature line it is again noted that the individual signing the agreement is personally agreeing to the terms of the personal guarantee and all other terms and conditions set forth. Ben Yosef signed and printed his name on the personal guarantee signature line.
Thereafter, in December 2007, funds were drawn under the loan agreement in the amount of $131,162.08 and $100,000, and deposited into a Citibank account allegedly controlled by Schwartz and for which Ben Yosef held signatory power. Checks were then written in the same amounts, drawn from the Citibank account and paid to the order of A. Schwartz & Sons, and signed by Ben Yosef. Both checks were then deposited into the “Uri Schwartz & Sons Diamonds, Ltd.” account maintained at Bank Leumi in Israel. Interest on the amounts drawn under the loan was paid from the time the funds were drawn until February 4, 2010, by Citibank debiting the account maintained at the bank.
In late 2009 Schwartz discovered that Ben Yosef had engaged in fraudulent activities against the corporation while in its employ, and subsequently terminated him. Specifically, Schwartz discovered that Ben Yosef had falsified invoices to customers and had stolen significant amounts of money and diamonds. Schwartz contends that it first learned of the Citibank loan after it had terminated Ben Yosef, when it received a call from *446 Citibank expressing concern that Ben Yosef had recently requested that Citibank mail all statements and correspondence pertaining to the loan to Ben Yosefs home address.
In November 2009 Schwartz and Ben Yosef executed a settlement agreement to resolve “various disputes and disagreements,” wherein Ben Yosef transferred the title to certain real property owned by him to Schwartz, in exchange for Schwartz agreeing to a general release of claims it had against Ben Yosef. The settlement agreement also included a clause wherein Ben Yosef warranted and represented that except for the Citibank loan, which was currently due, he had not otherwise incurred or undertaken any other debts, obligations or undertakings of any kind on behalf of Schwartz. Neither Ben Yosef nor Schwartz ever paid amounts due and owing under the loan, despite Citibank’s demands that they do so.
The motion court correctly found that triable issues of fact, which necessitate credibility determinations, preclude summary judgment as to Schwartz (Gilmartin v City of New York, 81 AD3d 411, 412 [2011]; Gaspari v Sadeh, 61 AD3d 405, 406 [2009]). Although Citibank contends that Schwartz ratified the loan in the settlement agreement with Ben Yosef, or, in the alternative, was unjustly enriched through its retention of the loan payments, Schwartz, through its President Uri Schwartz and an officer Itai Schwartz, asserts that Ben Yosef was not an owner, shareholder, or director, and did not have the authority to obtain a loan on behalf of the corporation. Further, Schwartz contends that the settlement agreement was not an acknowledgment or ratification of the loan, and was not entered into for the benefit of Citibank. Itai Schwartz also alleges that he believed the funds deposited into the Bank Leumi account by Ben Yosef were payment for customer transactions, and that he was not aware that the deposits were from a loan disbursement. Thus, Schwartz raised material issues of fact, requiring credibility determinations, as to Ben Yosefs authority to bind the corporation, and Schwartz’s knowledge and ratification, or lack thereof, of the loan, and subsequent retention of the loan funds.
The motion court, however, should have granted Citibank’s motion for summary judgment as against Ben Yosef on the issue of liability. Citibank contends that, whether or not Ben Yosef had the authority to bind Schwartz, Ben Yosef did in fact sign the 2007 loan agreement and personal guarantee and is therefore liable for the amount in default and interest thereon. “[Wjhere a guaranty is clear and unambiguous on its face and, by its language, absolute and unconditional, the signer is conclusively bound by its terms absent a showing of fraud, *447 duress or other wrongful act in its inducement” (National Westminster Bank USA v Sardi’s, Inc., 174 AD2d 470, 471 [1991], citing Manufacturers & Traders Trust Co. v Mega-B, Inc., 169 AD2d 632 [1991]). Here, the personal guarantee portion of the loan document was offset by a separate heading entitled, “Personal Guarantee and Collateral Agreement.” Immediately above the signature line a statement appears that the signer is personally guaranteeing the loan. Further, Ben Yosef does not deny that the documents contain his signature.
A “defendant’s conclusory allegations that he was unaware that it was a personal guaranty[ and] that he advised the bank that he was unwilling to personally guarantee the loan” do not raise an issue of fact as to whether the signer was fraudulently induced into signing the documents (National Westminster Bank USA, 174 AD2d at 471; see also Bank of Am. v Tatham, 305 AD2d 183 [2003]). Ben Yosef’s arguments that he told the Citibank representative that he did not want to assume any personal liability in connection with the loan, and that he signed a blank document because the Citibank representative assured him she would complete the information requested on the application, do not create issues of fact precluding summary judgment in light of the clear and unambiguous nature of the signed personal guarantee. Further, Ben Yosefs argument that English is not his first language, implying that he did not understand what he was signing, also fails to raise an issue of fact. A “defendant’s failure or purported inability to read the guaranty, in the absence of any evidence of coercion, provides no basis for relief” (Chemical Bank v Masters, 176 AD2d 591, 591-592 [1991]). Concur — Mazzarelli, J.P., Catterson, DeGrasse, Richter and Manzanet-Daniels, JJ.