■ APF 286 Mad LLC et al., Respondents, v Chittur & Associates P.C. et al., Appellants. [20 NYS3d 4]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 8, 2015, which granted plaintiffs summary judgment in the amount of $157,603.04 plus interest and attorneys' fees against defendant Krishnan Chittur (Chittur) as the personal guarantor on a lease between tenant Chittur & Associates, P.C. (Associates) and landlord APF, unanimously affirmed, with costs.

Contrary to Chittur's arguments, APF's suit against Chittur pursuant to his unconditional personal guarantee was not merged into APF's judgment in a summary holdover proceeding against Associates pursuant to its lease with APF. The lease and guarantee are two separate contracts, and the holdover proceeding under the terms of the lease did not extinguish APF's claims under the guarantee (*Davimos v Halle*, 35 AD3d 270, 272 [1st Dept 2006]). This action also does not amount to claim-splitting, as the holdover proceeding was brought only against Associates, and not against Chittur.

With respect to the merits of APF's instant action, the record demonstrates the existence of the guarantee, the underlying debt of unpaid rent, attorneys' fees, and costs, and Chittur's failure to perform under the guarantee (*id.*). Chittur does not dispute that he signed the guarantee, nor does he suggest that it was obtained by fraud, duress, or other wrongful act (*National Westminster Bank USA v Sardi's, Inc.*, 174 AD2d 470, 471 [1st Dept 1991]).

As the guarantee plainly states that it is an unconditional guarantee of payment, APF was not obligated to wait and attempt to receive payment from Associates, and APF was entitled to proceed directly against Chittur (*Milliken & Co. v Stewart*, 182 AD2d 385, 386 [1st Dept 1992]). Moreover, the amount due to APF, as determined in the landlord-tenant action between APF and Associates, may be applied to Chittur under the doctrines of res judicata and collateral estoppel, and because he is in privity with Associates (*see Matter of Hunter*, 4 NY3d 260, 269 [2005]; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 665 [1990]; *Green v Santa Fe Indus.*, 70 NY2d 244, 253 [1987]). We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Saxe and Richter, JJ.