■ MIMS MASTER FUND, L.P., Appellant-Respondent, v JOSEPH A. CAMBI, Respondent-Appellant. [64 NYS3d 10]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered April 11, 2017, which denied plaintiff's motion for summary judgment on defendant's liability under the guaranty agreement, denied plaintiff's motion to dismiss defendant's counterclaim for fraud and denied defendant's cross motion for summary judgment dismissing plaintiff's complaint, unanimously modified, on the law, plaintiff's motion for summary judgment and its motion to dismiss the fraud counterclaim granted, and the matter remanded for further proceedings, without costs.

The motion court should have granted plaintiff's motion for summary judgment on the issue of defendant's liability under the guaranty. Plaintiff established that defendant executed an absolute and unconditional personal guaranty to plaintiff that the entities under defendant's control would perform all of their obligations under or in connection with a partnership agreement with plaintiff. Defendant's conclusory allegation that he was unaware that it was a personal guaranty does not raise an issue of fact as to whether he was fraudulently induced into signing the documents (*see Citibank, N.A. v Uri Schwartz & Sons Diamonds Ltd.*, 97 AD3d 444, 446-447 [1st Dept 2012]). We reject defendant's arguments that the guaranty is not enforceable because it did not run to the beneficence of the obligations guaranteed. His remaining allegations of fraudulent inducement, largely negated by the express terms of the written guaranty, do not create triable issues of fact with respect to a bona fide defense (*see e.g. Banner Indus. v Key B.H. Assoc.*, 170 AD2d 246 [1st Dept 1991]).

Plaintiff also demonstrated that defendant failed to perform

under the guaranty when he did not fulfill the entities' obligations in connection with the partnership agreement (*see generally Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro,* 25 NY3d 485, 492 [2015]). Defendant's attacks on the validity and scope of the unambiguous personal guaranty are unavailing. Concur—Friedman, J.P., Kapnick, Webber, Gesmer and Oing, JJ.