Rolling Acres Developers, LLC v Montinat (2018 NY Slip Op 07476)





Rolling Acres Developers, LLC v Montinat


2018 NY Slip Op 07476


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-07255
 (Index No. 5994/08)

[*1]Rolling Acres Developers, LLC, respondent, 
v
Pierre Montinat, et al., defendants, Marie Sanon, now known as Guerdie Belle Sanon, appellant.


Ellen O'Hara Woods, New City, NY, for appellant.
Schulman & Kissel, P.C., Suffern, NY (Julian Alan Schulman of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Marie Sanon, now known as Guerdie Belle Sanon, appeals from an order of the Supreme Court, Rockland County (David S. Zuckerman, J.), entered June 8, 2017. The order denied that branch of that defendant's motion which was to set aside a foreclosure sale of the subject real property.
ORDERED that the order is affirmed, with costs.
In 2008, the plaintiff commenced this action to foreclose a second mortgage against the defendant, Marie Sanon, now known as Guerdie Belle Sanon, among others. In 2014, the plaintiff and Sanon entered into a written stipulation of settlement in which Sanon consented to the entry of a judgment of foreclosure and sale, while the plaintiff agreed not to execute the judgment of foreclosure and sale provided that Sanon made certain periodic payments. The stipulation of settlement further provided that should Sanon default in her payments, the plaintiff was permitted to execute upon the judgment by conducting a foreclosure sale without notice, except for notice of the sale to Sanon and her attorney named in the stipulation of settlement, i.e., Scott B. Ugell, located at 151 North Main Street, Suite 202, New City, New York. Sanon failed to make the periodic payments and, on October 4, 2016, the plaintiff executed upon the judgment, having given notice of the foreclosure sale to Sanon and her attorney by mail on August 1, 2016. However, the process server's affidavit of service stated that the notice of sale, insofar as directed to Sanon's attorney, was mailed to 151 North Main Street, "Suite 203B," New City, New York (emphasis added).
Sanon moved to set aside the foreclosure sale on the ground that her attorney did not receive notice of the foreclosure sale, arguing for the first time in her reply papers that the notice was mailed to Suite 203B instead of Suite 202. The Supreme Court denied the motion, finding that Sanon failed to rebut the presumption of proper service. The court noted that pursuant to the plaintiff's sur-reply submissions, the address of the attorney representing Sanon that was filed with the Unified Court System (hereinafter UCS) as of the date the notice was mailed, stated Suite 203B. Sanon appeals.
Contrary to Sanon's contention, the Supreme Court providently exercised its [*2]discretion and considered the plaintiff's sur-reply addressing the address issue raised by Sanon for the first time in her reply papers (see Gastaldi v Chen, 56 AD3d 420; Allstate Ins. Co. v Raguzin, 12 AD3d 468, 469).
A process server's affidavit of service constitutes prima facie evidence of proper service (see Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763, 764; C & H Import & Export, Inc. v MNA Global, Inc., 79 AD3d 784, 784; McIntyre v Emanuel Church of God in Christ, Inc., 37 AD3d 562, 562). While Sanon's attorney denied receipt of the notice of foreclosure sale, Sanon failed to rebut the presumption of proper service since, according to the process server's affidavit of service on her attorney, the notice of foreclosure sale was mailed to Sanon's attorney's address on file with the UCS E-Court system as of the date the notice was mailed (see Day v Davis, 47 AD3d 750). Accordingly, we agree with the Supreme Court's determination to deny that branch of Sanon's motion which was to set aside the foreclosure sale for lack of proper notice.
DILLON, J.P., ROMAN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court