Marina Towers Assoc., L.P. v Yu (2019 NY Slip Op 08267)





Marina Towers Assoc., L.P. v Yu


2019 NY Slip Op 08267


Decided on November 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2019

Gische, J.P., Webber, Kern, Moulton, JJ.


10335 650086/14

[*1] Marina Towers Associates, L.P., etc., Plaintiff-Respondent,
v
Edward Shanchien Yu, Defendant-Appellant.


Catherine Yu, Brooklyn, for appellant.
Kirschenbaum & Philips, P.C., Farmingdale (Ira R. Sitzer of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about November 26, 2018, which denied defendant's motion to compel discovery and for sanctions, and granted plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.
The affidavit of the vice president of plaintiff's managing partner, which stated that the documents attached to his affidavit were kept in the ordinary course of plaintiff's business and explained that they were necessarily kept in connection with keeping track of charges and credits in that business, was sufficient to support their admissibility as business records (see CPLR 4518).
The assignment of the lease by the original tenant/sub-landlord to plaintiff, and the subsequent lease between tenant-sub-landlord plaintiff and landlord Battery Park City Authority, were sufficient to demonstrate that plaintiff was a successor and/or assignee to the original tenant/sub-landlord (see Flamingo LLC v Wendy's Old Fashioned Hamburgers of New York, Inc., 2013 WL 416050 [SD NY Feb 4, 2013]). Because, by its terms, the guaranty of the sublease provided by defendant inured to the benefit of the original sub-landlord's successors and assignees, it inured to plaintiff's benefit.
In any event, plaintiff had already obtained two judgments for breach of the lease against the subtenant, in Civil Court. Defendant, who had personally guaranteed the sublease, was bound by those determinations (see APF 286 Mad LLC v Chittur & Assoc. P.C., 132 AD3d 610 [1st Dept 2015], lv dismissed 27 NY3d 952 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 14, 2019
CLERK