Gamma Lending Omega LLC v Kaminski (2021 NY Slip Op 05165)





Gamma Lending Omega LLC v Kaminski


2021 NY Slip Op 05165


Decided on September 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 30, 2021

Before: Manzanet-Daniels, J.P., Kern, Oing, Rodriguez, Higgitt, JJ. 


Index No. 653374/18 Appeal No. 14257-,14257A Case No. 2020-03903, 2020-04615 

[*1]Gamma Lending Omega LLC, Plaintiff-Respondent,
v
Matthew Kaminski, et al., Defendants-Appellants.


Brinen & Associates, LLC, New York (Mark E. White and Joshua D. Brinen of counsel), for appellants.
Herrick, Feinstein LLP, New York (Meaghan Roe of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered August 28, 2020, which, insofar as appealed from as limited by the briefs, denied defendants' motion to compel production of certain documents related to a late charge assessed on the underlying loan, unanimously affirmed, with costs. Order, same court and Justice, entered November 13, 2020, which, in effect, granted defendants' motion for reargument and adhered to the prior determination and granted plaintiff's motion for summary judgment, unanimously affirmed, with costs.
The court correctly decided these motions on the ground of collateral estoppel (see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664 [1990]). Defendants' issue, the validity of the late charge in the underlying loan documents, was squarely addressed both in the trial court in Minnesota and in a lengthy decision by the Minnesota Court of Appeals, and, as guarantors, defendants were in privity with the borrower (a party to the Minnesota action) on the underlying loan, whose obligations they guaranteed (see e.g. APF 286 Mad LLC v Chittur & Assoc. P.C., 132 AD3d 610 [1st Dept 2015], lv dismissed 27 NY3d 952 [2016]).
Plaintiff did not waive the defense of collateral estoppel, because the defense appeared on the face of its pleading (CPLR 3018). Moreover, plaintiff asserted the preclusive effect of the Minnesota proceedings in its objections to defendants' document requests. Thus, there was no surprise or new factual issue raised by assertion of the defense, and it was not waived (Giraldo v Washington Intl. Ins. Co., 103 AD3d 775, 776 [2d Dept 2013]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2021