Epic W14 LLC v Malter (2022 NY Slip Op 07185)

Epic W14 LLC v Malter

2022 NY Slip Op 07185

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Kern, J.P., Friedman, Gesmer, González, Mendez, JJ. 

Index No. 150148/19 Appeal No. 16920 Case No. 2020-03402 

[*1]Epic W14 LLC, Plaintiff-Respondent,
v
Stefan Malter et al., Defendants-Appellants.

Lambert & Shackman, PLLC, New York (Thomas C. Lambert of counsel), for appellants.
SDK Heiberger, LLP, New York (Steven B. Sperber of counsel), for respondent.

Order, Supreme Court, New York County (David Benjamin Cohen, J.), entered July 9, 2020, which, to the extent appealed from, granted summary judgment in favor of plaintiff with respect to liability only, unanimously affirmed, with costs.
"Guaranties that contain language obligating the guarantor to payment without recourse to any defenses or counterclaims, i.e., guaranties that are 'absolute and unconditional,' have been consistently upheld by New York courts" (Cooperative Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 493 [2015]). The lease and guaranty are viewed as two independent contracts, and the holder of the guaranty is "not obligated to wait and attempt to receive payment from [the tenant but is] entitled to proceed directly against [the guarantor]" (APF 286 Mad LLC v Chittur & Assoc., P.C., 132 AD3d 610, 610 [1st Dept 2015]). Here, it is undisputed that defendant guarantors were parties to an "absolute and unconditional" guaranty. Furthermore, it is undisputed that, per the terms of the lease, defendant guarantors can be held liable for damages to plaintiff under the first, second, third, fourth, and sixth causes of action. The only issue is the amount, if any, of damages under each cause of action for which they can be held liable.
Under CPLR 3212(e), "summary judgment may be granted as to one or more causes of action, or part thereof, in favor of any one or more parties, to the extent warranted, on such terms as may be just." Additionally, under CPLR 3212(g), the court may limit issues of fact for trial: "If a motion for summary judgment is denied or is granted in part, the court, by examining the papers before it and, in the discretion of the court . . . shall, if practicable, ascertain what facts are not in dispute or are incontrovertible." Thus, the court was correct to narrow the issues for trial in granting partial summary judgment as to liability, because liability itself under the guaranty and lease is not at issue.
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 20, 2022