**373-381 PAS Assoc., LLC v Moss & Moss LLP**

2024 NY Slip Op 30794(U)

March 12, 2024

Supreme Court, New York County

Docket Number: Index No. 650413/2021

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. NANCY M. BANNON**          PART          61

*Justice*

---------------------------------------------------------------------------X

373-381 PAS ASSOCIATES, LLC,

                              Plaintiff,

            - v -

MOSS & MOSS LLP, THE HARMAN FIRM, LLP, and
WALKER G. HARMAN, JR.,

                              Defendants.

---------------------------------------------------------------------------X

THE HARMAN FIRM, LLP,

                              Third-Party Plaintiff,

                  -against-

JOHN MOSS,

                              Third-Party Defendant.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650413/2021 |
| MOTION DATE | |
| MOTION SEQ. NO. | 002 003 004 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595657/2021

The following e-filed documents, listed by NYSCEF document number (Motion 002) 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 114, 115, 116, 117, 118, 120, 125, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 159, 162, 211

were read on this motion to/for          JUDGMENT - DEFAULT          .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 121, 124, 153, 154, 155, 156, 157, 158, 160, 163, 212

were read on this motion to/for          SUMMARY JUDGMENT          .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 213

were read on this motion to/for          SUMMARY JUDGMENT          .

## I.      BACKGROUND

In this action to recover unpaid rent from a former commercial tenant, the plaintiff, 378-381

PAS Associates, LLC ("PAS"), the owner of the subject real property at 381 Park Avenue South

in Manhattan, moves (1) pursuant to CPLR 3215 for default judgment against defendant Walker G. Harman, Jr. ("Harman"), a principal of the commercial tenant and the personal guarantor on the lease; (2) pursuant to CPLR 3212 for summary judgment on its breach of contract and attorneys' fees claims against defendant The Harman Firm, LLP (the "Harman Firm") and Harman; and (3) pursuant to CPLR 3212 and CPLR 3211(b) to dismiss the Harman Firm's affirmative defenses and counterclaims (MOT SEQ 002). Harman opposes the branch of the motion that seeks entry of a default judgment against him, but the motion is otherwise unopposed.

Third-Party Defendant John Moss moves pursuant to CPLR 3212 for summary judgment dismissing the Harman Firm's third-party complaint against him (MOT SEQ 003). That motion is unopposed.[1]

Finally, the Harman Firm moves pursuant to CPLR 3212 for summary judgment dismissing PAS's claims against it for breach of contract and attorneys' fees (MOT SEQ 004). PAS opposes the motion.

MOT SEQ 002 and MOT SEQ 003 are granted, and MOT SEQ 004 is denied.

II.      DISCUSSION

On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting party's default in answering or appearing (see CPLR 3215[f]; Allstate Ins. Co. v Austin, 48 AD3d 720, 720 *[2nd Dept. 2008]). "* Atlantic Cas. Ins. Co. v RJNJ Serv., Inc., 89 AD3d 649, 651 (2nd Dept. 2011).

On a motion for summary judgment, the moving party must make a *prima facie* showing of its entitlement to judgment as a matter of law by submitting evidentiary proof in admissible

---

[1] By an order dated September 30, 2022, the court adjourned MOT SEQ 002 and MOT SEQ 003 to November 2, 2022, for decision, accepted the late opposition to MOT SEQ 002 filed by Harman (which concerned only the branch of the motion seeking a default judgment against him), and directed that PAS had until October 28, 2022, to file a reply. No further extensions of time were granted with respect to the briefing on these motions. Nevertheless, on November 28, 2022, twenty-six days after the November 2 return date set by the court, and more than a month after PAS filed its reply on MOT SEQ 002, the Harman Firm and Harman filed a late opposition to both MOT SEQ 002 and MOT SEQ 003. The court rejects, and will not consider, that untimely opposition.

**650413/2021   373-381 PAS ASSOCIATES, LLC vs. MOSS & MOSS LLP**                    **Page 2 of 8**
**Motion No.  002 003 004**

form sufficient to establish the absence of any material, triable issues of fact. See CPLR 3212(b); Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824 (2014); Alvarez v Prospect Hosp., 68 NY2d 320 (1986); Zuckerman v City of New York, 49 NY2d 557 (1980). Once such a showing is made, the opposing party, to defeat summary judgment, must raise a triable issue of fact by submitting evidentiary proof in admissible form. See Alvarez v Prospect Hosp., supra; Zuckerman v City of New York, supra. "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to defeat the motion. Zuckerman v City of New York, supra. However, if the initial burden is not met by the movant, summary judgment must be denied regardless of the sufficiency of the opposing papers. See Winegrad v New York Univ. Med. Ctr., supra; Giaquinto v Town of Hempstead, 106 AD3d 1049 (2nd Dept. 2013); O'Halloran v City of New York, 78 AD3d 536 (1st Dept. 2010).

The plaintiff has met its burden with respect to every branch of its motion. It submits, *inter alia*, the pleadings; proof of service of the summons and complaint; the underlying lease and guaranty agreements signed by the Harman Firm and Harman, respectively; a rent ledger reflecting $239,504.85 in unpaid arrears from April 1, 2020 through July 1, 2022; and the affidavit of Paola Shaddow, the General Counsel of the plaintiff's managing agent, who also "supervises all activities connected with billing, collecting rent and managing the property" on behalf of the plaintiff for the past 16 years. These submissions demonstrate, *prima facie*, PAS's entitlement to judgment on its first and second causes of action against the Harman Firm for breach of the lease and for attorneys' fees, as well as its third and fourth causes of action against Harman for breach of the guaranty and attorneys' fees.

That is, the plaintiff's proof establishes, *prima facie*, the necessary elements of breach of contract, in regard to the lease and the guaranty agreement. The proof establishes (1) the existence of a contract, (2) the plaintiff's performance under the contract, (3) the defendant's breach of that contract, and (4) resulting damages. See Second Source Funding, LLC v Yellowstone Capital, LLC, 144 AD3d 445 (1st Dept. 2016); Harris v Seward Park Housing Corp., 79 AD3d 425 (1st Dept. 2010). It is well-settled that a lease is a contract which is subject to the same rules of construction as any other agreement. See George Backer Mgt. Corp. v Acme Quilting Co., Inc., 46 NY2d 211 (1978); New York Overnight Partners, L.P. v Gordon, 217 AD2d 20 (1st Dept. 1995), *aff'd* 88 NY2d 716 (1996). It is also well settled that "[w]here a

**650413/2021   373-381 PAS ASSOCIATES, LLC vs. MOSS & MOSS LLP**                    **Page 3 of 8**
**Motion No. 002 003 004**

3 of 8

[* 3]

guaranty is clear and unambiguous on its face and, by its language, absolute and unconditional, the signer is conclusively bound by its terms absent a showing of fraud, duress or other wrongful act in its inducement." Citibank, N.A. v Uri Schwartz & Sons Diamonds Ltd., 97 AD3d 444, 446-447 (1st Dept. 2012), quoting National Westminster Bank USA v Sardi's Inc., 174 AD2d 470, 471 (1991). The defendants do not show any fraud, duress or other wrongful act on the part of the plaintiff.

The plaintiff has also established entitlement to judgment on its second and fourth causes of action, contractual attorney's fees as against Harman and the Harman firm. Attorney's fees are recoverable, where, as here, there is a specific contractual provision for that relief. See Flemming v Barnwell Nursing Home and Health Facilities, Inc., 15 NY3d 375 (2010); Coopers & Lybrand v Levitt, 52 AD2d 493 (1st Dept. 1976). The Harman defendants proffer no cogent argument in opposition to an award of attorney's fees. However, the plaintiff has not submitted proof to establish the amount of fees incurred in this action. The plaintiff may submit such supplemental papers, if so advised, within 60 days.

Harman, in opposing a default judgment being entered against him, does not contest the substance of PAS's claims, but rather asserts that he was improperly served, and that the plaintiff's motion is untimely because it was not filed within one year of his default. Neither argument is availing.

First, the plaintiff's submissions demonstrate that Harman was served at the business address that he maintained on his official New York State Attorney Registration with the Office of Court Administration. Moreover, Harman used this address in online advertisements as well as in multiple court filings at the time when he was served in January and April 2021, and continuing through at least March 2022. As such, he cannot now disclaim, in conclusory fashion, such address as his actual place of business for purposes of service of process. See Tulino v Hiller, P.C., 202 AD3d 1132, 1137 (2nd Dept. 2022); Day v Davis, 47 AD3d 750, 750 (2nd Dept. 2008); Cent. City Brokerage Corp. v Acosta, 49 AD3d 455, 455 (1st Dept. 2008); Gibson, Dunn & Crutcher LLP v Glob. Nuclear Servs. & Supply, Ltd., 280 AD2d 360, 361 (1st Dept. 2001).

**650413/2021  373-381 PAS ASSOCIATES, LLC vs. MOSS & MOSS LLP**          **Page 4 of 8**
**Motion No.  002 003 004**

4 of 8

[* 4]

CPLR 3215(c) requires that any motion for a default judgment be made within one year and that any untimely motion be denied, and the complaint be dismissed as abandoned, upon motion or the court's own motion, absent "sufficient cause" shown. See Seide v Calderon, 126 AD3d 417 (1st Dept. 2015); Diaz v Perez, 113 AD3d 421 (1st Dept. 2014). PAS has shown "sufficient cause" for the six-month delay as well as a meritorious claim, and the absence of prejudice to Harman. See Fling v Integrity Bus. Sols., Inc., 166 AD3d 458, 458-59 (1st Dept. 2018); LaValle v Astoria Const. & Paving Corp., 266 AD2d 28, 28 (1st Dept. 1999). Specifically, PAS demonstrates that during that time it was actively conducting settlement negotiations with the Harman Firm, which it did not wish to disrupt by seeking a default judgment against the Harman Firm's principal. Moreover, the record demonstrates that PAS engaged fully in discovery, and thus never abandoned its claims. PAS demonstrates that it has meritorious claims for the reasons already discussed above, and Harman cannot demonstrate that he was in any way prejudiced by PAS's delay given his intimate involvement with the Harman Firm, which answered the complaint and has actively litigated this matter.

Although it did not file an opposition to plaintiff's motion (MOT SEQ 002), the Harman Firm's separate summary judgment motion (MOT SEQ 004), which seeks the dismissal of the two causes of action asserted against it, effectively serves as such. The premise of that motion is that PAS wrongfully evicted the Harman Firm from the subject premises by changing the locks in June 2020. However, MOT SEQ 004 is not supported by evidence in admissible form.

Moreover, the plaintiff's submissions demonstrate that the Harman Firm was not, in fact, locked out of the subject premises. Rather, the lock change was requested in March 2020 by the Harman Firm's co-tenant, Moss & Moss LLP ("Moss"), in an email copying Harman Firm employees, following the departure of a Moss attorney under contentious circumstances. At that time, the Harman Firm had already begun plans to shutter the firm's New York operations. PAS changed one of the two locks to the premises on April 2, 2020. However, it is undisputed that the Harman Firm continued to have unimpeded access to the premises through the end of April 2020, when it voluntarily closed its New York office, moved out of the premises, stopped paying rent, and effectively ceased all operations out of the premises. Even then, however, the Harman Firm's accountant, who remained in New York (Harman himself had moved to Texas in March 2020), continued to have access to the premises. PAS completed the lock change in June 2020

**650413/2021   373-381 PAS ASSOCIATES, LLC vs. MOSS & MOSS LLP**
**Motion No.  002 003 004**

Page 5 of 8

[* 5]

by changing the second lock to the premises, and distributed eight new keys to Moss, which was the only co-tenant that remained in physical possession of the premises. While the Harman Firm makes much of the fact that it was not also given a new key to the premises, it presents no evidence that it ever requested a new key from either Moss, as its co-tenant, or PAS. And, in any event, by June 2020 the Harman Firm had moved out of the premises, stopped paying rent, and shuttered its New York operations.

Therefore, the branches of MOT SEQ 002 that seek a default judgment against Harman, and summary judgment against the Harman Firm, on the first and third causes of action, breach of contract and breach of guaranty, are granted, and the Harman Firm's summary judgment motion (MOT SEQ 004) is denied.

The remainder of the plaintiff's motion (MOT SEQ 002), which seeks the dismissal of the Harman Firm's counterclaims and affirmative defenses, is granted for the reasons stated in the plaintiff's Memorandum of Law (NYSCEF Doc. No. 81 at 5-14). Pursuant to CPLR 3211(b), a "party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit." The burden is on the plaintiff to demonstrate that the defenses are without merit as a matter of law. See Granite State Ins. Co. v Transatlantic Reinsurance Co., 132 AD3d 479 (1st Dept. 2015); 534 East 11th Street Housing Dev. Fund v Hendrick, 90 AD3d 541 (1st Dept. 2011). The plaintiff met that burden.

For the same reasons as stated above, third-party defendant John Moss's motion (MOT SEQ 003) for summary judgment dismissing the Harman Firm's third-party complaint against him is also granted. The five causes of action asserted in the third-party complaint are all premised on the same contentions regarding the June 2020 lock change and the purported wrongful lockout of the Harman Firm from the premises. As just discussed, those contentions are baseless and thoroughly refuted by the admissible evidence.

Interest is computed "from the earliest ascertainable date the cause of action existed". CPLR 5001(b). In a breach of contract action, interest "accrues from the time of an actionable breach." Kellman v Mosley, 60 AD3d at 457 (1st Dept. 2009); see generally Brushton-Moira Cent. Sch. Dist. v Fred H. Thomas Assocs., P.C., 91 NY2d 256 (1998); Love v State of New

**650413/2021   373-381 PAS ASSOCIATES, LLC vs. MOSS & MOSS LLP**                          **Page 6 of 8**
**Motion No.  002 003 004**

6 of 8

York, 78 NY2d 540 (1991). The plaintiff is entitled to statutory interest on the money judgment against the Harman defendants from April 1, 2020.

The court has considered the parties remaining contentions and finds them to be unavailing or not sufficient to change the disposition of the motions.

III.    CONCLUSION

Accordingly, upon the foregoing papers and after oral argument, it is

ORDERED that the motion of the plaintiff 378-381 PAS Associates, LLC (MOT SEQ 002) for leave to enter a default judgment against defendant Walker G. Harman, Jr. pursuant to CPLR 3215, for summary judgment on its breach of contract and attorneys' fees claims against defendants The Harman Firm, LLP and Walker G. Harman, Jr. pursuant to CPLR 3212, and to dismiss the Harman Firm's affirmative defenses and counterclaims pursuant to CPLR 3212 and CPLR 3211(b), is granted; and it is further

ORDERED that the Clerk shall enter judgment in favor of the plaintiff 378-381 PAS Associates, LLC and against defendants The Harman Firm, LLP and Walker G. Harman, Jr., jointly and severally, in the sum of $239,504.85, plus costs and statutory interest from April 1, 2020; and it is further

ORDERED that the plaintiff 378-381 PAS Associates, LLC may file supplemental papers, within sixty (60) days of the date of this order, to establish the amount of attorneys' fees incurred in this action and shall provide notice to the court of any such filing by emailing the Part 61 Clerk at SFC-Part61-Clerk@nycourts.gov; or the fees will be deemed waived, and it is further

ORDERED that the motion of third-party defendant John Moss (MOT SEQ 003) for summary judgment dismissing the Harman Firm's third-party complaint pursuant to CPLR 3212 is granted, and the third-party complaint is dismissed; and it is further

**650413/2021   373-381 PAS ASSOCIATES, LLC vs. MOSS & MOSS LLP**               **Page 7 of 8**
**Motion No.  002 003 004**

7 of 8

ORDERED that the motion of defendant The Harman Firm, LLP (MOT SEQ 004) for summary judgment dismissing the plaintiff 378-381 PAS Associates, LLC's first and second causes of action pursuant to CPLR 3212 is denied; and it is further

ORDERED that the Clerk shall enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 3/12/2024 | | | NANCY M. BANNON |
|---|---|---|---|
| **DATE** | | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**650413/2021   373-381 PAS ASSOCIATES, LLC vs. MOSS & MOSS LLP**
**Motion No.  002 003 004**                                          Page 8 of 8

[* 8]                                     8 of 8