W 54-7, LLC v Rooney (2024 NY Slip Op 06019)

W 54-7, LLC v Rooney

2024 NY Slip Op 06019

Decided on December 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 03, 2024

Before: Manzanet-Daniels, J.P., Gesmer, Shulman, Rodriguez, Michael, JJ. 

Index No. 653123/20 Appeal No. 3147 Case No. 2023-03620 

[*1]W 54-7, LLC, Plaintiff-Respondent,
v
Eugene Rooney, Defendant-Appellant.

Feldman Smith LLP, Tarrytown (Richard B. Feldman of counsel), for appellant.
Chehebar Deveney & Philips LLP, White Plains (Cornelius P. McCarthy of counsel), for respondent.

Order, Supreme Court, New York County (John J. Kelley, J.), entered June 27, 2023, which granted plaintiff's motion for summary judgment on its claims for rent and additional rent against defendant guarantor, unanimously affirmed, with costs.
Plaintiff established its entitlement to summary judgment by submitting an affidavit from its managing agent, along with the leases to the subject premises, defendant's guaranty of the tenant's obligations under those leases, and proof that the tenant defaulted on its rent obligations (see Chip Fifth Ave. LLC v Quality King Distribs., Inc., 158 AD3d 418, 418 [1st Dept 2018], lv dismissed 32 NY3d 947 [2018]; see also Bremen House, Inc. v Lobosco, 214 AD3d 557, 557-558 [1st Dept 2023]). Since the guaranty is absolute, unconditional, and clear and unambiguous on its face, defendant is "conclusively bound by its terms absent a showing of fraud, duress or other wrongful act in its inducement" (Citibank N.A. v Uri Schwartz & Sons Diamonds Ltd., 97 AD3d 444, 446-447 [1st Dept 2012]).
Defendant failed to raise a triable issue of fact. The lease for the second premises, which tenant intended to use as additional space for the restaurant it operated, expressly obligated tenant to obtain the certificate of occupancy and permits needed to combine the two premises and operate it as one restaurant (see Casilia v Webster LLC, 140 AD3d 530 [1st Dept 2016]; Silver v Moe's Pizza, Inc., 121 AD2d 376 [2d Dept 1986]). We reject defendant's claim that plaintiff modified the lease terms to undertake the permitting process, as both leases contained standard merger and "no oral modification" clauses (see Eujoy Realty Corp. v Van Wagner Communications, LLC, 22 NY3d 413, 425 [2013]; see also General Obligations Law § 15-301[1]). Additionally, defendant's claims regarding constructive eviction are precluded by the terms of the lease. Finally, defendant failed to provide evidence showing that plaintiff miscalculated the amounts due (see Chip Fifth Ave. LLC v Quality King Distribs., Inc., 158 AD3d at 419).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2024